BURGER v. ST. LOUIS, KEOKUK & NORTHWESTERN RAILWAY COMPANY, *Appellant.*

Division One, July 9, 1894.

**Negligence:** RAILROAD: CATTLE: SALT. The act of the station agent of a railroad company, who also kept a store at the station, in placing an open barrel of salt under a warehouse situated near the track and owned by a third person, though on the company's right of way, is not the act of the latter so as to render it liable for injuries to cattle attracted to the salt and killed by a passing train.

*Certified from St. Louis Court of Appeals.*

REVERSED AND REMANDED.

*Dunn & Murphy* and *Palmer Trimble* for appellant.

(1) There is no duty upon a railroad company to look after or police any of its right of way except the main track or that part they assume actual corporate control over. *Reidmond v. Railroad,* 13 Am. and Eng. R. R. Cases, 515; *Railroad v. Kirksey,* 3 S. W. Rep. 190: *Ward v. Wilmington,* 13 S. E. Rep. 926; *Edson v. Railroad,* 40 Iowa, 47; *Cham v. Railroad,* 75 Ill. 577; *Railroad v. McClanahan,* 74 Ill. 436; *Gilliland v. Railroad,* 19 Mo. App. 413. (2) Though the facts in this case are stronger in appellant's favor, the rule applicable is announced in *Gilliland v. Railroad,* 19 Mo. App. 413. (3) The majority opinion by the St. Louis court of appeals in this case is not sound and should be reversed. The dissenting opinion of Judge ROMBAUER is the law. *Burger v. Railroad,* 52 Mo. App. 128. (4) The majority opinion of the court of appeals is based upon the theory that salt placed upon the right of way by strangers, amounts to a nuisance for which the company is liable. But it has been held in California that a railroad is not liable for damages from a nuisance on its right of way caused by its servants, and that, too, where the nuisance was one *per se. Hopkins v. Railroad,* 55 Cal. 190.

*Spencer & Mosman* also for appellant.

(1) The case at bar does not fall within and should not be governed by the rule in *Crafton v. Railroad,* 55 Mo. 580, and kindred cases. In each of those cases the defendant was directly and immediately responsible for the presence of the salt, hay, or other article upon

the track. The salt, or the hay, was upon the track in each of these cases by the defendant's act. Here the defendant had no connection with the presence of the salt under the warehouse. It was placed there by a merchant who had rented the warehouse and was using it as a place of storage, and the defendant, as the landlord, could not be held liable for the act of the sublessee. Shearman and Redf. on Neg., sec. 708; *Cheatham v. Hampson*, 4 T. R. 318; *Payne v. Pogers*, 2 H. Bl. 350; *Tewskbury v. Bucklin*, 7 Mo. App. 518; *Peterson v. Smart*, 70 Mo. 34; *Grogan v. Foundry Co.*, 87 Mo. 327; *Deutsch v. Abeles*, 15 Mo. App. 389; *Ploen v. Staff*, 9 Mo. App. 309. The salt had not been placed on the track by a stranger in *Crafton case*, or in any of the cases cited, and hence those cases should not be decisive of this. (2) There is no evidence to show that the salt attracted the attention of the cattle in question in this case. Verdicts must have some better foundation than mere conjecture. *Fetterling v. Railroad*, 79 Mo. 504; *Smith v. Railroad*, 37 Mo. 295; *Callahan v. Warne*, 40 Mo. 136; *Wood v. Railroad*, 51 Wis. 196. "A verdict founded on mere possibilities or probabilities, however reasonable, will not be permitted to stand." *Moore v. Railroad*, 28 Mo. App. 622.

*J. W. Powell* for respondent.

MACFARLANE, J.—This action was to recover the value of cattle killed by a train of defendant at one of its stations in Lincoln county. The negligence upon which recovery was sought is in substance thus stated: Defendant by its servants and agents, did negligently and carelessly allow salt to be left uninclosed under and around its depot and warehouse building at the station of Hurricane, and that by reason of such negligence the said cattle were attracted upon the railroad

track of said defendant and were killed by a train; and said depot or warehouse building is wholly upon the right of way of defendant.

The evidence showed that the railroad track at said station ran north and south and on the west side thereof, and upon the right of way the Empire Milling Company owned a warehouse forty feet long, north and south, and twenty feet wide. The house stood on posts some feet above the ground. William Bromaster owned a general store at the station, and stored salt in barrels under the warehouse. Bromaster also acted as agent of defendant at that station. One barrel, located under the northwest corner of the building, was open and accessible to stock. There was grass upon the east side of the track. Plaintiff's cattle frequented the station grounds, and the evidence tended to prove that they sometimes licked salt from this barrel. It was not definitely shown at what distance the warehouse was from the track, but we may infer that it stood near enough to the side track to permit the loading into cars therefrom. The open salt barrel must, therefore, have been situate from the main track the width of the warehouse, the space between it and the side track, and the width of the side track being not less than thirty feet. The cattle, five in number, were killed in the nighttime, two one night and three the next. They were struck by trains running on the main track. The evidence tended to prove that two were struck less than thirty yards north of the warehouse, another fifteen or twenty feet south of the warehouse, another found dead about three hundred feet south of the warehouse, and the fifth was found dead in an adjacent field. There were fifty or sixty cattle about the grounds the day before the night of the accident, and were driven off by the agent.

After an appeal to the circuit court, and a trial therein, judgment was rendered for plaintiff for the value of the cattle, and defendant appealed to the St. Louis court of appeals, where the judgment was affirmed, except as to the value of the cow found dead in the field. For a more detailed statement, see opinion of BIGGS, J., 52 Mo. App. 120. Judge ROMBAUER dissented and the case was transferred to this court.

The first requisite to establish negligence is to show the existence of a duty to the party aggrieved, and a violation of, or neglect to perform, that duty. Cooley on Torts [2 Ed.] p. 791.

Bromaster placed the salt under the warehouse in the conduct of his own business and not as the agent, representative, or servant, of the defendant. Besides, the warehouse was owned by, and in the possession of, the milling company. The defendant had nothing to do with the building or the salt thereunder. For all the purposes of this case the land upon which the warehouse stood was not a part of the right of way, being in the exclusive possession of the milling company. The negligent act of Bromaster in the conduct of his affairs was not the negligent act of the defendant. There was no evidence tending to show negligence on the part of defendant. Judgment of the court of appeals reversed and cause remanded. All concur. BARCLAY, J., concurs in the result.